**KOCH et al. v. HALLER et al.   (No. 6665.)**

(Court of Civil Appeals of Texas.   San Antonio.   Jan. 11, 1922.   Rehearing Denied Feb. 8, 1922.)

**Trial ⟐120(2)—Argument that judgment for plaintiffs would cause damage to home boys in action for negligence of oil company held ground for reversal.**

Where, in an action for damages from fire caused by alleged negligence of an oil company and its agents in selling explosive fluid in place of kerosene, counsel for the company in argument stated that one of the agents was under bond to the company, and that judgment against the company would be against the agent also, that the company was a Texas organization, owned by Texas men and its employees, all home boys, and that judgment against the company would mean the agent's ultimate discharge, matters not in evidence and prejudicial, was ground for reversal.

Appeal from District Court, Victoria County; John M. Green, Judge.

Action by John Koch and others against Raymond Haller and others.   From judg-.

ment for defendants, plaintiffs appeal.   Reversed and remanded.

R. L. Daniel, of Victoria, for appellants.

Proctor, Vandenberge, Crain & Mitchell, and J. T. Linebaugh, all of Victoria, for appellee Haller.

W. H. Francis, of Dallas, and Fly & Ragsdale, of Victoria, for appellee Magnolia Petroleum Co.

Bailey & Wallace, of Cuero, for appellee Fritz.

FLY, C. J.   This is a suit for damages arising out of the destruction of a certain house by fire, instituted by appellants, Ida Ferguson, H. L. Ferguson, and John Koch, against Raymond Haller, the Magnolia Petroleum Company, and Vincent S. Fritz, appellees.   It was alleged that the building was destroyed through the negligence of appellees in negligently selling to a tenant of appellants a gallon of some highly explosive fluid, in place of kerosene oil, which said tenant bought for illuminating purposes, but which, when placed in a lamp and ignited, exploded and set fire to the building and destroyed it.   Haller was sued as the retailer of the fluid, the company as the wholesale oil dealer, and Fritz as its agent.   The cause was submitted to a jury on special issues, and on the response that the fluid which was sold by Haller to the tenants was kerosene oil judgment was rendered that appellants take nothing by this suit.

The evidence was practically without conflict that the fluid bought by Kilgore, the tenant, from Haller, the retail merchant, was not kerosene oil, but an explosive not suitable for burning in a lamp.   The evidence was uncontradicted that the lamp exploded after the fluid was placed in it and the wick ignited. There were a number of complaints made by customers of the retailer, about the time of the explosion, as˙ to the character of fluid sold by him as kerosene oil.   Haller testified that Mrs. Hewitt, Mrs. Satterwhite, and Mr. Wagoner made complaints about the oil, and some of it was sent back.   C. T. Hewitt swore that he bought oil from Haller on the same day that Kilgore did, and that it did not smell like kerosene oil, and when he lighted some of it, that it exploded.   M. Crisp swore that he bought a gallon of the fluid from Haller, at the same time Kilgore bought his, and when he opened it next morning it had a very peculiar smell, and he was afraid of it.   However, he poured a little of it in his stove on some wood, then securely corked up his jug, and lighted a match, and when he held it about a foot from the stove the fluid ignited and exploded, blowing off the top of the stove, and, as graphically said by the witness, "And the other oil and I hit the window, and hit it in a hurry too."   This testimony was not contradicted by any one. The evidence of W. W. Leach, witness for ap-

pellees, and who was a chemist, tended to prove that the fluid sold by Haller to Kilgore must have been gasoline, and not kerosene oil.

In his argument to the jury, counsel for the Magnolia Petroleum Company, over the objection of appellants, used the following language:

"The defendant Vincent S. Fritz is under bond to the Magnolia Petroleum Company. They require him to give them a bond to guarantee that he would conduct their business in a proper manner, and would sell and distribute to the people in this country pure and good stuff, and you cannot answer these special issues so as to render a verdict against the Magnolia Petroleum Company without a judgment being rendered against Vincent S. Fritz also. If you should render a judgment against the Magnolia Petroleum Company, Fritz will have to make good to the company on his bond, which would be the same as a judgment against Vincent S. Fritz. The Magnolia Petroleum Company is a Texas Company, owned by Texas people and run by Texas men, and its employees are all home boys; Vincent S. Fritz and Joe Streckfus to conduct its local business. There is no way the Magnolia Petroleum Company can reach Joe Streckfus except by lopping off the head of Vincent S. Fritz, and that is just what will happen if a judgment is rendered against the Magnolia Petroleum Company; it will sue Vincent S. Fritz on his bond, and he will be discharged."

After using that language the bill of exceptions, prepared by the district judge, states that counsel for appellees "asked the jury to answer this first question in the affirmative, and end this case right there by finding in favor of all the defendants, and that the plaintiffs recover nothing in this cause, stating to the jury that, if you will do this, it will not be necessary for you to answer any of the other questions propounded to you." The first question referred to was as to whether the liquid sold by Haller was kerosene oil, and was answered in the affirmative by the jury. Appellants objected:

"To all the foregoing statements the plaintiffs objected because the same is outside of the record, contrary to law, and the rule of practice is highly prejudicial to the rights of the plaintiffs, and are things that should not be discussed or referred to before a jury, and prejudicial to the rights of these plaintiffs, and to the action of the court in overruling these plaintiffs' objections and permitting said remarks to be made before the jury the plaintiffs then and there excepted in open court."

The exceptions to the argument possibly were not so clear and explicit as they might have been, but they were sufficient to indicate to the trial judge the impropriety and prejudicial character of the argument, and they are full enough to show this court the probable prejudicial appeal that it furnished to the jury. The fact that the company was a Texas organization "owned by Texas people and run by Texas men, and its employees all home boys," was not justifiable in an argument under the laws or the facts, and was used for the ulterior purpose of drawing the minds of the jury away from the facts in the case. Along the same line was the argument that if the jury found against the company it was a finding against Vincent S. Fritz, not only for the money, but for his position with the company. It was in effect an appeal to the jury to protect the interests of Fritz at the expense of the rights of appellants. Not only was that improper argument made, but counsel assumed the rôle of the instructor of the jury as to the effect of their answers to certain issues submitted to them, and that advice led to an answer to the first question, which was not supported by any testimony whatever. How this answer was brought about, except by the specious argument of counsel, is not apparent, and a reasonable presumption will arise that, but for the argument, the answer would never have been returned. Under the circumstances we feel that an injustice has been done, and that the verdict and judgment should not be permitted to stand.

The judgment is reversed, and the cause remanded.